T.C. Memo. 2008-292

UNITED STATES TAX COURT

DAVIS AND ASSOCIATES LLC, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29211-07L.            Filed December 23, 2008.

        P received a final notice of intent to levy to
collect unpaid employer's withholding, FICA, and FUTA
tax liabilities.  P requested a hearing under sec.
6330, I.R.C.  During the administrative hearing P did
not contest the amounts of the underlying unpaid tax
liabilities.  D, P's tax matters partner, submitted on
behalf of P an offer-in-compromise (OIC).  D made a
payment of $10,000 with the OIC.  The Appeals officer
informed P that she intended to reject the OIC and
suggested that P withdraw the OIC and submit a revised
OIC or request an installment payment agreement.  P
withdrew the OIC but did not timely submit a new one or
request an installment payment agreement.  P asserts
that D asked the Appeals officer to apply the $10,000
payment that accompanied the OIC to the tax rather than
to penalties or interest.

        Held:  This Court lacks jurisdiction in this case
over the allocation among tax, interest, and penalties
of the payment accompanying the OIC submitted in the

sec. 6330, I.R.C., administrative proceeding because the allocation among tax, interest, and penalty does not affect the amount of the underlying tax liability.

Held, further, the Court will not consider whether P's payment of tax should have been applied to "trust fund penalty amounts" because P did not raise the issue in the collection hearing and did not receive with respect to that issue a determination from R that we have jurisdiction to review.

Held, further, R's determination to proceed with the levy to collect P's tax liabilities for the years and periods in issue was not an abuse of discretion.

Held, further, R's motion for summary judgment will be granted.

C. Paul Davis, for petitioner.

Veena Luthra, for respondent.

MEMORANDUM OPINION

DAWSON, Judge:  This matter is before the Court on respondent's motion for summary judgment pursuant to Rule 121.[1]

Background

The record establishes and/or the parties do not dispute the following.

---

[1] All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code.

Petitioner's principal office and business was located in South Boston, Virginia, at the time the petition was filed in this case.

This is an appeal from respondent's determination to proceed by levy to collect petitioner's unpaid withholding and FICA tax liabilities with respect to Forms 941, Employer's Quarterly Federal Tax Return, for the taxable quarters ending September 30, 2000; March 31, June 30, September 30, and December 31, 2001; March 31 and June 30, 2002; March 31, June 30, and December 31, 2003; March 31, June 30, September 30, and December 31, 2004; March 31, June 30, and September 30, 2005; and March 31 and June 30, 2006; and to collect by levy petitioner's unpaid FUTA tax liabilities with respect to Forms 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, for the taxable years 2000, 2001, 2004, and 2005.[2]

Petitioner filed all the Forms 941 late except for the one due for the first quarter of 2001. Petitioner also failed to timely file its annual unemployment tax returns, Forms 940, until contacted in 2006 by Revenue Officer Grainer of the Internal Revenue Service (IRS).

---

[2] The term "employment tax" is used to refer to taxes under the Federal Insurance Contributions Act (FICA), secs. 3101-3128, the Federal Unemployment Tax Act (FUTA), secs. 3301-3311, and income tax withholding, secs. 3401-3406 and 3509.

On February 23, 2007, a Final Notice of Intent to Levy and Notice of Your Right to a Hearing was sent to petitioner.  The amounts due on all the returns for which the liabilities were calculated with respect to the notice of intent to levy totaled $89,834.18, as follows:

| Form No. | Tax Period | Unpaid Amounts | Additional Penalty | Additional Interest | Amount Due |
|------|------------|----------------|--------------------|---------------------|------------|
| 941 | 9/30/2000 | $2,228.65 | – 0 – | $105.65 | $2,334.30 |
| 940 | 12/31/2000 | 474.04 | $9.31 | 12.75 | 496.10 |
| 941 | 3/31/2001 | 1,085.06 | – 0 – | 135.01 | 1,220.07 |
| 941 | 6/30/2001 | 5,403.28 | – 0 – | 255.94 | 5,659.22 |
| 941 | 9/30/2001 | 2,948.44 | – 0 – | 140.21 | 3,088.65 |
| 940 | 12/31/2001 | 465.67 | 9.85 | 12.51 | 488.03 |
| 941 | 12/31/2001 | 5,180.51 | – 0 – | 245.34 | 5,425.85 |
| 941 | 3/31/2002 | 4,031.01 | – 0 – | 1,132.27 | 5,163.28 |
| 941 | 6/30/2002 | 8,181.71 | – 0 – | 387.42 | 8,569.13 |
| 941 | 3/31/2003 | 8,519.28 | 184.17 | 335.13 | 9,038.58 |
| 941 | 6/30/2003 | 9,228.77 | 254.00 | 363.00 | 9,845.77 |
| 941 | 12/31/2003 | 9,276.95 | 264.32 | 364.82 | 9.906.09 |
| 941 | 3/31/2004 | 960.74 | 33.60 | 39.53 | 1,033.87 |
| 941 | 6/30/2004 | 3,893.03 | 136.98 | 177.97 | 4,207.98 |
| 941 | 9/30/2004 | 1,685.40 | 67.54 | 80.17 | 1,833.11 |
| 940 | 12/31/2004 | 505.16 | 12.44 | 13.57 | 531.17 |
| 941 | 12/31/2004 | 4,883.38 | 180.48 | 231.03 | 5,294.89 |
| 941 | 3/31/2005 | 1,551.21 | 64.98 | 73.77 | 1,689.96 |
| 941 | 6/30/2005 | 2,429.64 | 104.35 | 115.55 | 2,649.54 |
| 941 | 9/30/2005 | 5,003.39 | 197.37 | 236.62 | 5,437.38 |
| 940 | 12/31/2005 | 516.52 | 13.53 | 13.88 | 543.93 |
| 941 | 3/31/2006 | 2,831.92 | 138.71 | 132.35 | 3,102.98 |
| 941 | 6/30/2006 | 2,078.15 | 97.96 | 98.19 | 2,274.30 |

On March 14, 2007, the IRS received petitioner's Form 12153, Request for a Collection Due Process Hearing, in response to the Final Notice of Intent to Levy and Notice of Your Right to a Hearing, with respect to the proposed levy.  The request was submitted on petitioner's behalf by C. Paul Davis (Mr. Davis), a 50-percent owner of petitioner, its tax matters partner, and the

person responsible for depositing its employment taxes.  In the request, Mr. Davis did not express a reason for disagreeing with the proposed levy.

By letter dated May 15, 2007, Settlement Officer Anh T. Munson (Appeals officer) requested that petitioner send to her (1) proof of Federal tax deposits for the first two quarters of 2007, (2) a Form 433-B, Collection Information Statement for Businesses, (3) petitioner's signed Form 1065, U.S. Return of Partnership Income, for 2006, and (4) the Form 940 for the taxable year 2006.  By the time of the telephone Appeals hearing on May 31, 2007, petitioner had not sent the requested information.  However, the requested documents were received after the hearing.

At petitioner's telephone Appeals hearing, Mr. Davis stated that petitioner was in the process of obtaining a loan against business real property and that petitioner would use the proceeds for submitting an offer-in-compromise.

On June 4, 2007, petitioner submitted an offer-in-compromise of $50,000 ($10,000 paid with the offer and $40,000 to be paid within 5 months after acceptance of the offer) for all of the outstanding tax liabilities.  Petitioner had applied for a bank loan of $50,000 against the real estate to make the offer-in-compromise.  Included with the offer were a $10,000 check and a $150 check for the application fee.  Section V, Part (b) of Form

656, Offer in Compromise, states that the amount sent with the offer will be applied to the tax liability unless it is specified as a deposit. Petitioner did not specify the payment as a deposit, and the $10,000 was applied to the Form 941 tax liabilities for the third quarter of 2000 and the first three quarters of 2001.

On June 7, 2007, the Appeals officer advised petitioner that the Federal tax deposits for the first two quarters of 2007 had been made late and that the offer-in-compromise might not be processed if petitioner was not current on the Federal tax deposits. Petitioner agreed to make timely deposits in the future and to forward to the Appeals officer its Form 941 for the first quarter of 2007. That return was received on June 13, 2007, with petitioner's check and payment voucher. The balance of the Form 941 liability was not paid in full by that date, and the partial payment made with the filing of the return was made late.

By a faxed letter dated September 24, 2007, and by telephone the same day, the Appeals officer informed petitioner through Mr. Davis that the offer-in-compromise would not be accepted. The Appeals officer determined the petitioner had an asset equity of $39,879 and future income potential of $17,904, and therefore the minimum acceptable offer would be $57,783. Petitioner was advised that another collection alternative could be submitted by

October 5, 2007. In response, Mr. Davis, in a letter dated October 15, 2007, withdrew the offer-in-compromise on behalf of petitioner and indicated that another proposal would be submitted. Mr. Davis also indicated that he had applied for a loan and hoped to have an answer for the Appeals officer by October 22, 2007.

On October 29, 2007, the Appeals officer contacted Mr. Davis regarding petitioner's failure to submit a proposed collection alternative. Mr. Davis then indicated that petitioner might request an installment payment agreement and that he would contact the Appeals officer again in 1 week. The Appeals officer informed Mr. Davis that if a proposed collection alternative was not received by November 6, 2007, she would begin action to sustain the levy. Not having heard from Mr. Davis on or before November 6, 2007, nor having received a proposed collection alternative, the Appeals officer proceeded on November 7, 2007, to prepare her report sustaining the levy.

On November 14, 2007, the Appeals officer's summary and recommendation to sustain the proposed levy action was approved by the Appeals team manager, and the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 was sent to petitioner sustaining the proposed levy and returning the case to the Compliance Office for appropriate action.

An attachment to the notice of determination sustaining the notice of intent to levy stated in pertinent part:

### Brief Background

Our records indicate your business, Davis & Associates LLC, is a retail store established in 1997 to sell and service SEARS merchandise. You filed the 940 and 941 tax returns timely until mid 2000. When contacted by the IRS in 2006 for the delinquent 941 and 940 tax returns, you filed all the required tax returns from 2000 to 2006 with the Compliance Office. Your current tax liability is about $84,000.

The Compliance Office contacted you for payment resolution of your taxes but you did not submit an acceptable payment plan. Therefore, the Compliance office issued the Notice of Intent to Levy on the above listed tax periods. You appealed the proposed levy action with claim the levy would cause you financial hardship.

The Appeals Office offered a telephone hearing on May 31, 2007. Prior to the hearing, the Appeals Office requested you to provide proofs of federal tax deposits, financial information on Form 433-B and submit a collection alternative. At the hearing, you stated you were in the process of obtaining a loan against business real property and would use the loan proceeds for an offer-in-compromise. You submitted Form 656 on 06-04-2007 and offered $50,000 to compromise all your outstanding tax liabilities.

Based on your financial information, the Appeals Office determined your reasonable collection potential was more than the tax liability, therefore, it would not be accepted. You later withdrew the offer-in-compromise and stated you would propose an installment agreement later.

So far, you have not submitted an acceptable collection alternative.

## 1. Discussion and Analysis

Verification of legal and procedural requirements:

Appeals has obtained verification from the IRS office collecting the tax that the requirements of any applicable law, regulation or administrative procedure with respect to the proposed levy or lien filing have been met. Computer records indicate that the notice and demand, notice of intent to levy and/or notice of federal tax lien filing, and notice of a right to a Collection Due Process (CDP) hearing were issued.

Assessment was properly made per IRC § 6201 for each tax period listed on the CDP notice.

The notice and demand for payment letter was mailed to the taxpayer's last known address, within 60 days of the assessment, as required by IRC §6303.

There was a balance due when the CDP levy notice was issued and/or when the lien was filed.

Prior involvement:

This Settlement Officer has had no prior involvement with respect to the specific tax periods either in Appeals or Compliance.

Collection statute verification:

The collection statute has been suspended; the collection period allowed by statute to collect these taxes has been suspended by the appropriate computer codes for the tax periods at issue.

Collection followed all legal and procedural requirements and the actions taken or proposed were appropriate under the circumstances.

## 2. Issues Raised by the Taxpayer

Collection Alternatives Offered by Taxpayer

You withdrew your offer-in-compromise after being advised that your offer would not be accepted. So far you have not submitted another collection alternative.

Challenges to the Existence of Amount of Liability

Prior to the hearing, the tax transcripts were provided to you for review. You did not dispute the tax liability since the assessments were based on your tax returns.

Other Issues: You claimed no other issue.

3. Balancing of need for efficient collection with taxpayer concern that the collection action be no more intrusive than necessary.

Appeals has verified, or received verification, that applicable laws and administrative procedures have been met; has considered the issues raised; and has balanced the proposed collection with the legitimate concern that such action be no more intrusive than necessary by IRC Section 6330(c)(3).

Collection alternatives include full payment, installment agreement, offer-in-compromise, and currently-not collectible. Since you have not submitted an acceptable collection alternative, the Appeals Office determines the proposed levy action is appropriate and balances the need for the efficient collection of the taxes with the legitimate concern that any collection action be no more intrusive than necessary. The IRS Compliance Office may proceed with appropriate collection actions.

On December 17, 2007, petitioner filed its petition herein, claiming that petitioner thought an installment payment agreement was in the process of being arranged, disputed the penalties and interest charged on the past due tax liabilities, and disputed the application of a portion of the payment ($10,000) accompanying the offer-in-compromise to those penalties and interest.

When respondent filed his motion for summary judgment on July 9, 2008, the Court ordered petitioner to file a response to

the motion on or before August 15, 2008. Petitioner did not file a response. Mr. Davis appeared at the Court's Richmond trial session on September 8, 2008, and, on the basis of petitioner's motion for continuance filed on September 2, 2008, requested additional time to file a response to respondent's motion for summary judgment. The Court denied the motion for continuance but extended the time for filing a response to respondent's motion for summary judgment to September 25, 2008. On September 23, 2008, the McKee CPA Office, P.C., of Cary, North Carolina, filed a response on petitioner's behalf. The response, in part, contends that (1) petitioner made payments in excess of the trust fund amounts (employee withholding) and no trust fund recovery penalty should be assessed on the employee tax withheld; (2) petitioner calculated its unpaid balance due on the tax returns at issue as $23,663 rather than the unpaid balance of tax, penalty, and interest ($89,834.18) assessed by respondent, based on the delinquent tax returns petitioner filed; and (3) petitioner should now be permitted to pay its unpaid taxes in installments of $500 per month until the balance due is paid in full. In a separate statement, apparently prepared for petitioner by Mr. Davis and attached to the response, there are assertions that petitioner no longer has a viable bank line of credit; the real estate housing the retail store is heavily mortgaged with "no further credit available"; and, in view of

present economic conditions, petitioner is in a "survival mode" with "the lowest level of sales in its history".

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Summary judgment may be granted where there is no genuine issue of any material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); see <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985).

If a taxpayer liable for taxes fails to pay those taxes within 10 days after notice and demand for payment is made, section 6331(a) authorizes the Secretary to levy against the taxpayer's property and property rights. Section 6331(d) requires the Secretary to send the taxpayer written notice of the Secretary's intent to levy, and section 6330(a) requires the Secretary to send the taxpayer written notice of his right to a collection hearing at least 30 days before any levy is begun.

If the taxpayer requests a collection hearing, it will be held before an impartial officer or employee of the IRS Office of

Appeals.  Sec. 6330(b)(1), (3).  The Appeals officer conducting the hearing must verify that the requirements of any applicable law or administrative procedure have been met.  Sec. 6330(b)(1), (c)(1).  The taxpayer may raise any relevant issue with regard to the Commissioner's intended collection activities, including spousal defenses, challenges to the appropriateness of the proposed levy, and alternative means of collection.  Sec. 6330(c)(2)(A); see Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).  The taxpayer may not contest the existence or amount of the underlying tax liability if the taxpayer received a statutory notice of deficiency with respect to the underlying tax liability or otherwise had an opportunity to dispute that liability.  Sec. 6330(c)(2)(B).  Taxpayers are expected to provide all relevant information requested by Appeals, including financial statements, for its consideration of the facts and issues involved in the hearing.  Sec. 301.6330-1(e)(1), Proced. & Admin. Regs.

Following a collection hearing, the Appeals Office must make a determination whether the proposed levy may proceed.  In so doing, the Appeals officer is required to take into consideration:  (1) The verification presented by the Secretary that the requirements of applicable law and administrative procedures have been met, (2) the relevant issues raised by the taxpayer, and (3) whether the proposed levy action appropriately

balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed levy action. Sec. 6330(c)(3). A hearing officer may rely on a computer transcript or Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, to verify that a valid assessment was made and that a notice and demand for payment was sent to the taxpayer in accordance with section 6303. Nestor v. Commissioner, 118 T.C. 162, 166 (2002); Schaper v. Commissioner, T.C. Memo. 2002-203; Schroeder v. Commissioner, T.C. Memo. 2002-190. Absent a showing of irregularity, a transcript that shows such information is sufficient to establish that the procedural requirements of section 6330 have been met. Nestor v. Commissioner, supra at 166-167; see sec. 6330(c)(3).

Where the underlying tax liability is properly at issue, we review the determination de novo. E.g., Goza v. Commissioner, supra at 181-182. Where the underlying tax liability is not at issue, we review the determination for abuse of discretion. Id. at 182. The Appeals officer abuses his or her discretion if the determination was made "arbitrarily, capriciously, or without sound basis in fact." Mailman v. Commissioner, 91 T.C. 1079, 1084 (1988). In reviewing for abuse of discretion under section 6330(d)(1), generally we consider only arguments, issues, and other matters that were raised at the collection hearing or otherwise brought to the attention of Appeals. Magana v.

Commissioner, 118 T.C. 488, 493 (2002); see also sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. Whether an abuse of discretion has occurred depends upon whether the exercise of discretion is without sound basis in fact or law. Freije v. Commissioner, 125 T.C. 14, 23 (2005).

Petitioner filed delinquent Forms 940 and 941 tax returns for years and/or quarters from 2000 through June 30, 2006. Before the telephone Appeals hearing with the Appeals officer, tax transcripts were provided to petitioner for review. The amounts assessed were based on the tax returns petitioner had filed, and Mr. Davis did not dispute the amount of the underlying liabilities during the collection hearing process.

In its petition, petitioner requested an abatement of penalties and interest. The penalties and interest are based on petitioner's self-reported employment taxes due for various periods from 2000 to 2006. However, petitioner is barred from challenging the penalties and interest because Mr. Davis did not raise them in the collection hearing.

Petitioner asserts that, when Mr. Davis discussed withdrawing the offer-in-compromise with the Appeals officer, he requested that the $10,000 submitted with the offer be applied to its tax liabilities and not to penalties and interest and that he thought the Appeals Officer agreed to do so. The Tax Court is a court of limited jurisdiction and may exercise only the power

conferred by statute. Raymond v. Commissioner, 119 T.C. 191, 193 (2002). The existence of jurisdiction in a particular case is fundamental and may be raised at any point in the proceeding, either by a party or by the Court sua sponte. Smith v. Commissioner, 124 T.C. 36, 40 (2005). The Court sua sponte questioned whether we have jurisdiction in these proceedings over the application of the payment submitted with the offer-in-compromise.

In Landry v. Commissioner, 116 T.C. 60 (2001), we held that this Court has jurisdiction in a levy action under section 6330 over the application of credits for overpayments of tax reported on the taxpayer's income tax returns for years preceding the years giving rise to the tax liabilities subject to the proposed levy. We held: "Because the validity of the underlying tax liability, i.e., the amount unpaid after application of credits to which petitioner is entitled, is properly at issue, we review respondent's determination de novo." Id. at 62. Similarly, in Freije v. Commissioner, supra, we held that we have jurisdiction in a levy action under section 6330 to decide whether a payment made during one of the years at issue was improperly credited to an earlier year not before the Court.

In this case the amount remaining unpaid after application of the $10,000 payment made with the offer-in-compromise is $79,834.18 ($89,834.18 - $10,000). That amount is the same

regardless of whether the payment is applied to tax, penalty, or interest, and respondent may levy against petitioner's property to recover $79,834.18 regardless of whether it represents tax, penalty, or interest.  Landry and Freije are therefore distinguishable and do not apply.  Thus, we conclude that this Court does not have jurisdiction in this case under section 6330(d)(1) to decide how the payment made with the offer-in-compromise submitted to the Appeals officer during the collection hearing is to be allocated among tax, penalty, and interest.

In its response to respondent's motion for summary judgment, petitioner contends that petitioner made payments in excess of the trust fund amounts (employee withholding) and no "trust fund recovery penalty" should be assessed on the employee tax withheld.  We surmise that petitioner is concerned that the IRS may impose the 100-percent penalty under section 6672 against Mr. Davis, as petitioner's responsible officer and that he would be liable for the "trust fund amounts" withheld from employees' wages and not paid over to the IRS.  That penalty is not the subject of the proposed levy on petitioner's property and thus not an issue properly before us.  Moreover, we generally may consider only those issues that the taxpayer raised during the collection hearing or otherwise brought to the attention of the Appeals Office.  Sec. 6330(c) and (d)(1); Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); sec. 301.6320-1(e),

Proced. & Admin. Regs. Consequently, we may not consider whether petitioner's payments of tax should have been applied to the "trust fund amount" because petitioner did not raise the issue in the collection hearing and did not receive with respect to that issue a determination that we have jurisdiction to review. Similarly, we will not consider whether the amount of the unpaid tax liability is less than the $89,834.18 respondent assessed (as reduced by the $10,000 payment) because petitioner did not raise the issue during the collection hearing.

The amount of the unpaid tax is not at issue. Consequently, we will review the administrative determination of the Appeals Office for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2001); Goza v. Commissioner, 114 T.C. 176, 182 (2000).

As summarized in the Appeals officer's attachment to respondent's notice of determination, the Appeals officer verified that all requirements of applicable law and administrative procedures were met. She had no prior involvement with respect to the unpaid tax. She considered whether the proposed collection action is more intrusive than necessary. The alternative to collection that was submitted to her was an offer-in-compromise. After petitioner was informed that the offer-in-compromise would not be accepted, petitioner withdrew the offer and did not submit another offer or collection proposal in the

form of an installment payment agreement within the reasonable time limitation set by the Appeals officer.

We point out that consideration of collection alternatives is a nonliability issue that is reviewed for an abuse of discretion.  See Olsen v. United States, 414 F.3d 144, 153 (1st Cir. 2005).  If an Appeals officer follows the prescribed guidelines in determining whether a collection alternative is acceptable, his or her conclusion generally will be considered reasonable and not an abuse of discretion.  See Moorhous v. Commissioner, T.C. Memo. 2003-183; Rodriguez v. Commissioner, T.C. Memo. 2003-153; Schenkel v. Commissioner, T.C. Memo. 2003-37.  Petitioner does not assert that prescribed guidelines were not followed in evaluating the offer.  Furthermore, petitioner withdrew the offer-in-compromise that was filed, leaving no other collection alternative for the Appeals officer to consider.

Petitioner disputes that the Appeals officer acted correctly with regard to an installment payment agreement.  However, the Appeals officer could not consider that collection alternative when petitioner proposed no specific plan.  Petitioner claims that an installment payment agreement was in the process of being arranged.  However, the Appeals officer informed petitioner on October 29, 2007, that if a proposed collection alternative was not received within 1 week, the proposed levy action would be sustained.  Because petitioner had not contacted the Appeals

officer or submitted a collection alternative by November 6, 2007, the proposed levy action was sustained.  The levy action was sustained a month from the deadline to submit another collection alternative given by the Appeals officer, after petitioner was notified the offer-in-compromise would not be accepted, and over 3 weeks from the date petitioner withdrew the offer-in-compromise.  In these circumstances the Appeals officer did not abuse her discretion by refusing to allow petitioner any additional time.  See Kindred v. Commissioner, 454 F.3d 688, 697-698 (7th Cir. 2006) (sustaining the levy after giving taxpayers an additional 2 weeks was not an abuse of discretion).

Accordingly, we hold that there is no issue as to any material fact; that the Appeals officer committed no abuse of discretion in rejecting the offer-in-compromise of $50,000 as insufficient in relation to the collection potential of $57,783; that the determination to proceed with the levy was not an abuse of discretion; and that respondent is entitled to judgment as a matter of law.  Respondent's motion for summary judgment will be granted.

To reflect the foregoing,

An appropriate order and decision will be entered.